FILED & ENTERED

DEC 01 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**OPINION NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**ANGEL R. ROBINSON-MALDONADO,**<br><br>Debtor. | Case No. 2:14-bk-22962-RK<br><br>Chapter 7<br><br>Adv. No. 2:14-ap-01660-RK |
| **JOSEPHINE JEANE S. ROBINSON,**<br><br>Plaintiff.<br><br>vs.<br><br>**ANGEL R. ROBINSON-MALDONADO,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT, VACATING NOVEMBER 18, 2015 AND DECEMBER 8, 2015 HEARINGS AND SETTING FURTHER STATUS CONFERENCE**<br><br>DATE:    November 17, 2015<br>TIME:    2:30 p.m.<br>PLACE:   Courtroom 1675<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on November 17, 2015 on the Motion to Amend Complaint ("Motion") of Plaintiff Josephine Jeane S. Robinson ("Plaintiff"). Docket No. 25. Plaintiff appeared for herself. Robert E. Brode, Attorney at Law, appeared for Defendant Angel R. Robinson Maldonado ("Defendant").

Having considered the moving papers and the lack of written opposition by Defendant, the court orally ruled that it was granting the motion. The court now issues this memorandum decision and order clarifying its reasoning and ruling in granting the motion.

On October 16, 2014, Plaintiff commenced this adversary proceeding by filing her original complaint, Docket No. 1, entitled "CHALLENGE DISCHARGEABILITY OF CERTAIN DEBTS." The Motion, filed on October 27, 2015, seeks leave to amend the complaint to specifically assert, among other things, a cause of action for denial of discharge under 11 U.S.C. § 727.

Having considered the Motion, the lack of opposition to this Motion as orally indicated by counsel for Defendant at the hearing, and the record before the court, the court rules and grants the Motion, holding that the 11 U.S.C. § 727 claim sought by the amended complaint attached to the Motion ("Amended Complaint"), arises out of the same conduct, transaction, or occurrence, that is, Debtor's alleged false statements in Debtor's petition documents, which are set forth in the original complaint. *In re Gunn*, 11 B.R. 291, 292 (9th Cir. BAP 1981); *In re Englander*, 92 B.R. 425, 428 (9th Cir. BAP 1988); *In re Magno*, 216 B.R. 34, 36 (9th Cir. BAP 1997). As discussed in more detail below, the court determines that Debtor had fair notice of Plaintiff's 11 U.S.C. § 727 claim and the grounds upon which it rests, from Plaintiff's original complaint.

As a preliminary matter, because Plaintiff's Motion was filed over one year after her original complaint was filed, the court determines that Plaintiff is outside the 60-day limitations period set forth in Federal Rule of Bankruptcy Procedure 4004(a), which states that "a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a)." Further, because the court already entered the discharge order in the Debtor's bankruptcy case, Docket No. 35 in Case No. 2:14-bk-22962-RK, the court determines that Plaintiff does not satisfy the standard prescribed by Rule 4004(b)(2), which provides

for an extension of the Rule 4004(a) 60-day limitations period if a motion is "filed after the time for objection has expired and before discharge is granted . . . ." Nevertheless, although untimely under Rule 4004(a) and (b)(2), the court may consider Plaintiff's amended complaint to be timely based on the "relation back" doctrine. *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995); *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Classic Auto Refinishing v. Marino (In re Marino)*, 37 F.3d 1354, 1357 (9th Cir. 1994) (citation omitted); *see also* 3 Wagstaffe, *The Rutter Group Federal Civil Procedure Before Trial*, ¶ 8:1620 at 8-219 (2015) ("The basic inquiry is whether the opposing party was on notice of the *nature* of the claim raised by the amended pleading.")(emphasis in original), *citing inter alia, ASARCO, LLC v. Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). The filing of a lawsuit "warns the defendant to collect and preserve his evidence in reference to . . . the *whole transaction* described in it . . . ." *Martell v. Trilogy Ltd.*, 872 F.2d at 326 (emphasis added; citation omitted).

Under Federal Rule of Civil Procedure 15(c)(1), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." "To relate back, 'the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.'" *ASARCO, LLC v. Union Pacific Railroad Co.,* 765 F.3d at 1004, *quoting, Martell v. Trilogy Ltd.,* 872 F.2d at 325. "The relation back doctrine of Rule 15(c) is 'liberally applied.'" *Id., quoting, Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982).

In applying the relation back doctrine in the context of an amended complaint that sought to add additional causes of action under 11 U.S.C. § 727, the Bankruptcy Appellate Panel in *In re Gunn* reiterated its test from its prior decision in *In re Dean,* which provided that:

> The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or, as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints.

*In re Gunn,* 111 B.R. at 292-293, *quoting, In re Dean,* 11 B.R. 291, 292 (9th Cir. BAP 1981).

In cases involving objections to discharge such as this one, the opportunity to amend is particularly important because of the short limitations period under Rule 4004(a) during which such complaint must be filed.   Federal Rule of Bankruptcy Procedure 4004(a); *In re Gunn*, 11 B.R. at 293; *In re Englander*, 92 B.R. at 428; *In re Jenkin*, 83 B.R. 733, 735 (9th Cir. BAP 1988).

In *Gunn*, the creditor's original complaint objected to dischargeability of certain debts under 11 U.S.C. § 523(a)(2)(A) and (B) and to the discharge of the debtor under 11 U.S.C. § 727(a)(5).  111 B.R. at 291.  Even though the amended complaint was filed after the Rule 4004(a) deadline, the Bankruptcy Appellate Panel in allowing the amended complaint, which asserted additional causes of action under 11 U.S.C. § 727(a)(3) and (4), stated that, "the objection to discharge and dischargeability claims of the original complaint would certainly have put the debtor on notice of the two related theories of the amended complaint."  *Id.* at 293-294.

In *Englander*, the creditor's original complaint referred to 11 U.S.C. § 523(a) without alleging specific facts aside from the outstanding balance on loans.  92 B.R. at 426.  Even though the amended complaint was filed after the Rule 4007 60-day deadline for filing claims under 11 U.S.C. § 523(a), the Bankruptcy Appellate Panel held that the amended complaint was timely because it only described the 11 U.S.C. § 523(a) claims

1 | in much greater detail, alleging specific claims under 11 U.S.C. § 523(a)(2)(A) and (B),
2 | and reasoned that "the amended complaint is sufficiently identifiable with the original
3 | claim since the clear subject of both complaints is the dischargeability of specific loans."
4 | *Id.* at 428.
5 |     In *Magno*, the creditor filed a timely complaint for denial of debtor's discharge
6 | under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A) based on debtor's fraudulent concealment
7 | of assets from debtor's bankruptcy schedules and the 11 U.S.C. § 341(a) meeting of
8 | creditors.  216 B.R. at 36.  The complaint in *Magno* stated that plaintiff had a $120,040
9 | claim against debtor's bankruptcy estate, but did not specify the facts underlying that
10 | claim. *Id.*  After the Rule 4007(a) 60-day deadline passed, the bankruptcy court allowed
11 | the plaintiff to amend the complaint to add a cause of action for nondischargeability under
12 | 11 U.S.C. § 523(a)(6). *Id.* at 37.  On appeal, the Bankruptcy Appellate Panel reversed,
13 | holding that the amended complaint did not relate back to the original complaint,
14 | reasoning that the mere mention of the $120,040 claim was not enough to give notice of
15 | the facts underlying the 11 U.S.C. § 523(a)(6) such that there was a nexus between the
16 | two complaints. *Id.* at 39-42.
17 |     The 11 U.S.C. § 727 claim asserted in Plaintiff's proposed Amended Complaint
18 | arises out of the same conduct, transaction, or occurrence set out in the factual
19 | allegations of the original complaint, that is, an 11 U.S.C. § 727 claim arises out of the
20 | original complaint's factual allegations that Defendant committed perjury in her petition
21 | documents.  Plaintiff's original complaint includes several factual allegations that
22 | Defendant committed perjury in her bankruptcy petition documents, namely, Schedules I
23 | and J, Income and Expense Statements, from which an 11 U.S.C. § 727(a) claim could
24 | be inferred: (1) "The gross income that she is declaring on Form B6I is incorrect, it should
25 | be $7,001.00 and not $6,407.05."  Complaint at 2; (2) "I have thoroughly reviewed
26 | [Defendant's] paperwork and I believe that she is committing perjury." *Id.*; (3) "On FORM
27 | B 6J, 6A Electricity and Natural Gas [Defendant] is declaring that her monthly expense is
28 |

1  $300.00 . . . [h]er average electricity bill is only $50.00 . . . [u]nless her gas bill is $250.00
2  a month there is no way her Electric and Gas Bill would be $300.00 monthly." *Id.*; (4) "On
3  FORM B 6J, 6A 11 Medical and Dental Expense [Defendant] is declaring $410.00 . . .
4  [u]nless she and her children are going to the Doctor about 7 to 8 times a month every
5  month, there is no way she is spending this much on deductible and co-pay." *Id.*; (5) "On
6  FORM B 6J, 15 D Kids Child Care Tuition Supplies she is declaring $815.00 . . . Her
7  youngest daughter goes to public school and the 2 older girls go[] to a Charter School."
8  *Id.* at 1-2; (6) "[Defendant] also declared on her bankruptcy paper that I repossessed the
9  laptop that I co-signed for, 2 years after she had already used it.  I do not have this laptop
10 nor have I ever repossessed this laptop." *Id.* at 2; and (7) "I believe that [Defendant] is
11 flagrantly committing perjury and fraud since after buying her car she declares
12 bankruptcy." *Id.* at 2-3.  The original complaint did not refer to a claim under 11 U.S.C. §
13 727, nor did it refer to a claim for relief seeking denial of debtor's discharge, and the
14 caption referred to "CHALLENGE DISCHARGEABILITY OF CERTAIN DEBTS,"
15 apparently referencing a claim under 11 U.S.C. § 523 for a determination that certain, but
16 not all, debts were excepted from discharge.  However, based on these allegations from
17 Plaintiff's original complaint, the court determines that "evidence with respect to the
18 second set of allegations [that is, the 11 U.S.C. § 727(a) claim in the proposed Amended
19 Complaint] could have been introduced under the original complaint," *In re Gunn,* 11
20 B.R. at 292, and would have thus been relevant to a claim for denial of discharge under
21 11 U.S.C. § 727(a), such as for making a false oath on the bankruptcy petition and
22 schedules under 11 U.S.C. § 727(a)(4).

23      Accordingly, the court determines that these allegations from the original
24 complaint provided Defendant with fair notice of the *nature* of an 11 U.S.C. § 727(a)
25 claim.  Specifically, the evidence for a claim under 11 U.S.C. § 727(a) could have been
26 introduced under the original complaint, liberally construed, because false statements on
27 Defendant's bankruptcy petition documents, as alleged in the original complaint, can
28

6

serve as the basis for a claim under 11 U.S.C. § 727(a), as now set forth in the proposed Amended Complaint. *See, e.g., In re Gunn*, 11 B.R. at 292. Further, pursuant to Local Bankruptcy Rule 9013-1(h), the court also may and does deem Defendant's lack of timely written opposition as consent to the granting of the Motion as to a claim under 11 U.S.C. § 727(a). Based on the foregoing, the court determines that the Motion should be granted in part as to 11 U.S.C. § 727(a).

Plaintiff's proposed Amended Complaint asserts claims under 11 U.S.C. § 523(a)(2) arising out of four separate transaction or occurrences, but only one of these arises out of the same conduct, transaction, or occurrence set out in the factual allegations of the original complaint, that is, an 11 U.S.C. § 523 claim arises out of the original complaint's factual allegations that Defendant did not intend to repay a loan from Best Buy, which Plaintiff co-signed for Debtor. Plaintiff's original complaint includes factual allegations that Plaintiff requested that Defendant pay the Best Buy credit account that Plaintiff co-signed for Defendant for two years, but then Defendant would not make the monthly payment of $100.00 on this account, saying she had no money, but then Defendant bought a new car, a Mini Cooper, with a monthly payment of $580.00 in comparison to a monthly payment of $100.00 on the Best Buy account. Complaint at 3. These allegations in the original complaint from which an 11 U.S.C. § 523(a)(2)(A) claim could be inferred are asserted in the proposed amended complaint that Plaintiff co-signed a credit account from Best Buy for Defendant to buy two laptop computers, but Defendant had no intention to repay the bill. Proposed Amended Complaint at 3.

Plaintiff's proposed Amended Complaint also asserts claims under 11 U.S.C. § 523(a)(2) for three other separate transactions or occurrences, which relate to loans co-signed by her for Plaintiff for student loans with Sallie Mae, for a personal loan by Plaintiff's brother, Dan Sotto, and for child support. Proposed Amended Complaint at 4. However, the original complaint did not contain factual allegations referring to these alleged transactions, and therefore, the original complaint did not "give the defendant fair

7

notice of what the plaintiff's claim is and the grounds upon which it rests" to allow the proposed amended complaint to relate back to the original complaint as to these allegations. *Classic Auto Refinishing v. Marino (In re Marino)*, 37 F.3d at 1357; *see also, In re Englander,* 92 B.R. at 428 ("an amended complaint will relate back if 'the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim is identifiable with the original claim"), *quoting, In re Dean,* 11 B.R. at 545. Accordingly, the court will deny the motion in part as to the claims under 11 U.S.C. § 523(a)(2) relating to these transactions, and while the Amended Complaint will be allowed to be filed, Plaintiff may not proceed on her claims under 11 U.S.C. § 523(a)(2) relating to the debts relating to the student loans with Sallie Mae, the personal loan by Plaintiff's brother, Dan Sotto, and the loan for child support.

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Amend Complaint, Docket No. 25, is granted in part and denied in part.
2. Plaintiff may proceed with her claims in the Amended Complaint under 11 U.S.C. § 727(a) and under 11 U.S.C. § 523(a)(2) as to the Best Buy Account debt, but she may not proceed with the claims in the Amended Complaint under 11 U.S.C. § 523(a)(2) as to the other debts as described herein.
3. Plaintiff's Amended Complaint is deemed filed and served on Defendant as of the date of the hearing on the Motion to Amend Complaint on November 17, 2015.
4. Defendant is ordered to file and serve a response to the Amended Complaint within 14 days of the entry of this memorandum decision and order.
5. The status conference on the complaint in this adversary proceeding, Adv. No. 2:14-ap-01660-RK, set for November 18, 2015 at 11:30 a.m., is vacated and continued to February 9, 2016 at 1:30 p.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675, Roybal Federal Building, 255

1  East Temple Street, Los Angeles, California.  No appearances are required on
2  November 18, 2015.
3  6. The hearing on Defendant's Motion to Dismiss for Failure to State a Claim,
4  Docket No. 28, noticed for December 8, 2015 at 3:30 p.m., is also vacated
5  since it is unclear whether this motion is directed to the original complaint or
6  the proposed Amended Complaint not yet deemed filed when this motion was
7  filed.  No appearances are required on December 8, 2015.  Defendant may
8  refile and serve the motion or file and serve an amended motion to dismiss the
9  Amended Complaint in accordance with this memorandum decision and order.
10 IT IS SO ORDERED.
11 ###

Date: December 1, 2015

Robert Kwan
United States Bankruptcy Judge

9