ROBERT E. BRODE    SBN: 207079
24303 Market St. Suite G
Newhall, CA 91321
661-288-2969



Attorney for the Respondent
**ANGEL R. ROBINSON-MALDONADO**

UNITED STATES BANKRUPTCY COURT
CENTAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re: ANGEL R. ROBINSON-MALDONADO ................Debtor | Case Type.: Chapter 7<br>**Case No. 2:14-bk-22962-RK**<br>**Adversary No. 2:14-ap-01660-RK**<br><br>Assigned for all purposes to:<br>The Hon. Robert Kwan |
| JOSEPHINE JEANE S ROBINSON, an individual,<br>................Plaintiff,<br>vs.<br>ANGEL R. ROBINSON-MALDONADO,<br>................Defendant | NOTICE OF MOTION AND 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**DATE:**    **February 9, 2016**<br>**TIME:**    2:30PM<br>**DEPT:**    Courtroom 1675<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

TO PLAINTIFF, JOSEPHINE JEANE S ROBINSON AND HER ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, February 9, 2016, at 2:30 PM in Courtroom 1675 of the above-entitled Court located at 255 East Temple St., Los Angeles, CA, Debtor/Defendant ANGEL R. ROBINSON-MALDONADO will move this Court for an Order dismissing the Complaint.

NOTICE OF MOTION AND 12(b)(6) MOTION TO DISMISS Points & Authorities

This Motion will be made on the grounds that Plaintiff has failed to state a claim upon which relief can be granted under the *Federal Rules of Bankruptcy Procedure* § 7012(b)(6), ("FRBP").

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action and such other evidence as may be presented at the hearing on this Motion.

Dated    November 28, 2015

*[signature: Robert E Brode]*
**ROBERT E, BRODE,**
Attorney for Defendant,
ANGEL R. ROBINSON-MALDONADO

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

1. Plaintiff filed an adversary complaint on October 16, 2014 ("Complaint") against Defendant. The Complaint contained one cause of action for 11 U.S.C. § 523(a)(4) claiming Fraud and therefore not dischargeable.

2. From October 16, 2014 through April 23, 2015, there were a series of contacts, emails and demands made by the Plaintiff regarding information requests. On or about April 23, 1015, there was a mediation hearing to determine if a resolution could be found.

3. On or about May 14, 2015, Plaintiff submitted 15 pages of interrogatories as well as additional pages of discovery

4. On or about May 14, 2015 Plaintiff filed a Motion to compel discovery and to sanction Defendant for refusal to respond to discovery and allegedly disclosing information at the mediation hearing.

5. On or about June 16, 2015 the undersigned attorney represented the Defendant and on Jul 07, 2015, filed a substitution of attorney, and formally entered the case

6. On or about June 23, 2015, the parties met and were unable to come to an agreement.

7. Plaintiff is the sister-in-law of the Defendant. The record shows that she was a cosigner on the defendant's school loans and on a $350.00 credit purchase from Best Buy. The student loan is not dischargeable in bankruptcy and apparently Best Buy is not pursuing the relatively minor credit purchase.

8. On October 27, 2015 Plaintiff filed an Amended Complaint in this matter. The Amended Complaint moves the Court to
   1) Deny the Discharge under 11 USC 727 and
   2) Declare Debt to Be Non Dischargeable

## II. ALLEGATIONS OF THE AMENDED COMPLAINT

9. Plaintiff has submitted another very lengthy complaint. Page 2 lists six paragraphs incorrectly numbered sequentially as 4, 5, 3, 4, 5 & 6. The Defendant specifically denies each and every allegation made. Further, the Plaintiff makes a bare, naked allegation without any proof of fraud or criminal wrongdoing.

10. On Page 3, Plaintiff again brings up the computers purchased from Best Buy (Paragraphs 7-11). This time there is not one computer alleged but rather, two. Plaintiff makes several comments about negotiations prior to the filing of the Bankruptcy. She still does not offer evidence of fraud

11. Plaintiff contends that in order to get a promotion, Defendant told her that she needed to go back to school and would have to get a student loan - which was true and did happen). Defendant and her husband were separated and her credit wasn't good. Plaintiff co-signed for Defendant voluntarily. Now Plaintiff claims that statement was a lie to induce her to co-sign on the student loan. Plaintiff assumes this statement made years ago was sufficient to prove fraud.

NOTICE OF MOTION AND 12(b)(6) MOTION TO DISMISS Points & Authorities

12. Plaintiff also claims Defendant makes $120,000 a year. Defendant is unsure where Plaintiff gets this information since Defendant has one job (at College of the Canyons) that pays approximately $70,000 and is given a paycheck each month that can be verified.

13. Plaintiff alleges in paragraph 13 there is a personal loan to Plaintiff's brother that Plaintiff guaranteed. There is no record of such a loan being challenged at the Creditors hearing.

14. In Paragraph 14, the Plaintiff alleges there is "child support" owing for the Defendant's daughter. Plaintiff seems to have forgotten that Plaintiff's husband made the offer for the daughter to live there at no charge. Further, she keeps reminding this court that her husband was referred to the LASO for inappropriate conduct with a minor. The child support "payments" are additional attempts to harass the Defendant.

15. On page 4, Plaintiff starts another series of paragraphs claiming damages. Damages are not appropriate.

16. Plaintiff's case consists entirely of speculation, innuendo, inaccurate calculations and personal opinion.

17. Defendant denies that the failure to pay Plaintiff's bill was malicious, willful, or done with fraudulent intent.

18. Defendant contends that the Complaint fails to state a claim for relief, as *it fails to state facts sufficient to show that:*

a. The Defendant knowingly, intentionally, falsely, and/or fraudulently filed bankruptcy to defraud the Plaintiff

b. The Defendant fraudulently caused credit issues for the Plaintiff

c. The Defendant made any representations and/or omissions with the intention to defraud and deceive Plaintiff. Defendant had self help prepare the forms and when Plaintiff pointed out mistakes on her form, she went to an attorney who then prepared the forms and filed an amended form.

19. Defendant requests that this Court dismiss the Complaint for failure to State a causation on which relief can be granted.

## II. LEGAL ARGUMENT

20. Plaintiff has failed to meet her burden of proving that the discharge should be denied. The courts construe §727 and §523 liberally in favor of debtors and strictly against parties objecting to discharge.

21. Because Plaintiff is objecting to the discharge of the Defendant, Plaintiff bears the burden of proving by a preponderance of the evidence that the discharge should be denied:

*"Those objecting to discharge bear the burden of proving by a preponderance of the evidence that the debtor's discharge should be denied. In keeping with the fresh start purposes behind the Bankruptcy Code, courts should construe § 727 liberally in favor of*

NOTICE OF MOTION AND 12(b)(6) MOTION TO DISMISS Points & Authorities

*debtors and strictly against parties objecting to discharge."* In re Retz (9th Cir. 2010) 606 F. 3d 1189, 1196 (internal citations and quotations omitted.)

*"This does not alter the burden on the objector, but rather means that "actual, rather than constructive, intent is required" on the part of the debtor.* In re Khalil, 379 B.R. at 172.

22. In order for Plaintiff to prevail on his claim, Plaintiff must show that the debtor, knowingly and fraudulently *"gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act."*

23. Plaintiff's Complaint provides only conclusory allegations without proof and never provides an amount specific showing how much she has lost as a result of the Defendant's bankruptcy. She provides no objective facts that would lead the Court to conclude that this matter involves anything other than a client who was unable to pay her bills and who sought the Constitutional protection of this Court from her creditors.

24. Plaintiff has not offered a scintilla of evidence, or any facts, beyond a set of defamatory inferences and conclusions of her own, that Defendant's state of mind was as Plaintiff alleges.

25. The Court is not bound by conclusory statements, statements of law, and unwarranted inferences cast as

factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

26. Because the Complaint fails to state any facts which showed that the Defendant made any false statement or promise with the knowledge at the time she made it that it was false, that she made it with the intention and purpose of deceiving the Plaintiff, Plaintiff has failed to meet her burden of showing that the discharge of the Defendant should be denied.

### III. CONCLUSORY ALLEGATIONS AND LEGAL CONCLUSIONS ARE NOT SUFFICIENT TO PREVENT A MOTION TO DISMISS; FURTHER LEAVE TO AMEND NEED NOT BE GRANTED WHERE ANY AMENDMENT WOULD CONSTITUTE AN EXERCISE IN FUTILITY.

27. Conclusory allegations or legal conclusions are not sufficient to prevent a motion to dismiss. The Complaint contains a variety of conclusory allegations that Defendant made false and/or fraudulent statements, but provides no factual allegations of fraudulent intent on the part of Defendant. The complaint does not give Defendant fair notice of any legally cognizable claim.

28. Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate when the complaint does not give a defendant fair notice of a legally cognizable claim and the basis on which it rests. *Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544, 555.

29. A plaintiff must plead facts showing that a violation is plausible, not just possible. *Twombly* supra, at 555.

30. Because of the very nature and philosophy of the Bankruptcy law the exceptions to dischargeability are to be construed strictly, *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), and the burden is on the creditor to prove the exception. *Danns v. Household Finance Corp.*, 558 F.2d 114 (2d Cir.1977).

31. In order to preclude the discharge of a particular debt because of a debtor's false representation, a creditor must prove that: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation. See, *In re Lange*, 40 B.R. 554 (D.C.Ohio 1984); *In re McGrath*, 7 B.R. 496 (D.C.N.Y.1980); *In re Hunt*, 30 B.R. 425 (M.D.Tenn.1983).

32. The debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality. *Neal v. Clark*, 95 U.S. 704, 5 Otto 704, 24 L.Ed. 586 (1887); *Gabellini v. Rega*, 724 F.2d 579 (7th Cir.1984); *In re Pedrazzini*, 644 F.2d 756 (9th Cir.1981); et al.

33. The burden is on the creditor to prove the debtor's culpability by clear and convincing evidence. *In re O'Karma*, 46 B.R. 422 (D.C.Pa.1984); *In re Schwartz*, 45 B.R. 354 (S.D.N.Y.1985); *In re Browning*, 31 B.R. 995

NOTICE OF MOTION AND 12(b)(6) MOTION TO DISMISS Points & Authorities

(S.D.Ohio 1983); *In re Musser*, 24 B.R. 913 (W.D.Va.1982); *In re Colasante*, 12 B.R. 635 (E.D.Pa. 1981).

34. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Stac Electronic Securities Litigation v. Anderson* (9th Cir. 1993) 89 F.3d 1399, 1403. (citing text).

35. The Complaint alleges acts or statements of intentional fraud and misrepresentation, but provides no objective evidence, merely conclusory statements.

36. The Complaint lists numerous allegations which are completely irrelevant to this matter.

37. Defendant contends that these allegations fail to show that Defendant did anything fraudulent, but that Plaintiff's allegations are clearly an attempt to evade the fact that the Complaint has no merit, that Plaintiff can provide no evidence, and that Plaintiff cannot state a claim under §523 against the Defendant.

38. Here, the debtor has been dragged through a round of mediation, nearly a full year of litigation, and two complaints, with the attendant stress, emotional distress, uncertainty, and costs & fees. This debtor brought her chapter 7 proceeding in order to relieve herself from unsustainable debt, not to increase her attorney fees and create more debt. The relentless and unwarranted attack by Plaintiff defeats the purpose of discharge as well as the "fresh start", and is unjust and burdensome.

39. Even "artful pleading" in an insubstantial case will not necessarily prevent a motion to dismiss. *Ascon Properties v. Mobil Oil Co.*, (9th Cir. 1989) 866 F.2d 1149 at 1155. The court went on to quote *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988) *"We have, however, also recognized that conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."*

40. Defendant contends that allowing Plaintiff leave to amend would in fact constitute an exercise in futility and therefore requests that the Court grant the motion to dismiss without leave to amend.

### V. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant her Motion to Dismiss for failure to state a claim.

Dated: November 28, 2015

                                                              _____
                                                              **ROBERT E. BRODE**, Esq.
                                                              Attorney for Debtor/Defendant
                                                              ANGEL R. ROBINSON-MALDONADO