FILED & ENTERED

AUG 04 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**ANGEL R. ROBINSON-MALDONADO,**<br><br>Debtor. | Case No. 2:14-bk-22962-RK<br><br>Chapter 7<br><br>Adv. No. 2:14-ap-01660-RK |
| **JOSEPHINE JEANE S. ROBINSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**ANGEL R. ROBINSON-MALDONADO,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FURTHER RESPOND TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS**<br><br>DATE:    August 2, 2016<br>TIME:    2:30 p.m.<br>PLACE:  Courtroom 1675<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on August 2, 2016 on the (revised) motion of plaintiff Josephine Jeane S. Robinson's ("Plaintiff") to compel defendant Angel R. Robinson-Maldonado ("Defendant") to further respond to Plaintiff's request for production of documents and request for sanctions under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7037, making Federal Rule of Civil Procedure ("Civil Rule") 37 applicable to this

adversary proceeding ("Motion"). ECF 46, filed on June 17, 2016. (Plaintiff's prior motion to compel further responses to the revised requests for production of documents, ECF 43, was denied by prior order, ECF 55.) Plaintiff represented herself. Robert E. Brode, Attorney at Law, represented Defendant.

Having considered the Motion and the relevant record in this adversary proceeding and the oral arguments of the parties, the court grants the motion in part, denies it in part and orders as follows:

In response to document production request number 1, Defendant will produce to Plaintiff copies of her 2014 federal and state income tax returns to Plaintiff. The court notes that Defendant has already produced 2013 income tax returns.

In response to document production request number 2, no further response by Defendant is required as Plaintiff indicated at the hearing.

In response to document production request number 3, no further response by Defendant is required as Defendant indicated that no such documents exist.

In response to document production request number 4, Defendant will produce to Plaintiff copies of her monthly bank statements for her savings account for the months of April 2014 through July 2014. The court notes that Defendant has already produced her monthly bank statements for her checking account.

In response to document production request numbers 5, 6, 7, 8, 9, 10, 11 and 12, no further response by Defendant is required as Defendant indicated that no such documents exist.

In response to document production request number 13, Defendant will produce to Plaintiff a copy of her 2014 IRS Form W-2 to Plaintiff.

In response to document production request number 14, no further response by Defendant is required as Defendant indicated that no such documents exist.

In response to document production request number 15, Defendant will produce to Plaintiff copies of her electrical utility bills for the months of April 2014 through July

2014. The court notes that Defendant has already produced her gas and water/sewer utility bills.

In response to document production request number 16, Defendant will produce to Plaintiff copies of gasoline purchase receipts and car repair bills for the months of April 2014 through July 2014 in Defendant's possession.

In response to document production request number 17, Defendant will produce to Plaintiff copies of written documentation of her student loan payments and receipts for the months of April 2014 through July 2014, which Defendant can obtain online.

In response to document production request number 18, Defendant will produce to Plaintiff copies of emails and receipts of her child care and children's educational costs for the months of April 2014 through July 2014 in Defendant's possession.

In response to document production request number 19, Defendant will produce to Plaintiff copies of written documentation of her car payments for the months of April 2014 through July 2014, which Defendant can obtain online.

In response to document production request number 20, Defendant will produce to Plaintiff copies of written documentation of her car insurance payments for the months of April 2014 through July 2014, which Defendant can obtain online.

In response to document production request number 21, Defendant will produce to Plaintiff copies of cancelled checks for her medical and dental expenses for the months of April 2014 through July 2014 in Defendant's possession.

In response to document production request number 22, Defendant has agreed to provide, and will provide, the name, address and telephone number of the tutor for Defendant's children to Plaintiff. Defendant is not required to produce a copy of the teaching credential of the tutor as she does not have possession of such document.

In response to document production request number 23, no further response by Defendant is required as Defendant indicated at the hearing that Defendant has already produced all such documents.

1    In response to document production request number 24, no further response by Defendant is required as the court sustained Defendant's objection to this request for copies of the progress reports for Defendant on grounds of relevance.

In response to document production request number 25, no further response by Defendant is required as Plaintiff and Defendant indicated at the hearing that Defendant has already produced all such documents.

As indicated by her counsel, Defendant will produce the documents indicated in this order to Plaintiff within 30 days by September 1, 2016.

As part of her motion, Plaintiff requests that the court award her $890.00 in attorneys' fees incurred by her in having an attorney prepare the motion for her. Although Plaintiff is a self-represented party in this adversary proceeding, she paid an attorney to prepare her motion to compel discovery, and requests that the court award her the cost to her of having an attorney prepare the motion on grounds that Defendant violated Rule 34 of the Federal Rules of Civil Procedure in failing to produce documents. Under Rule 37(d)(3) of the Federal Rules of Civil Procedure and Rule 7037 of the Federal Rules of Bankruptcy Procedure, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances that make an award of expenses unjust. The court declines to make an award of sanctions under Rule 37 against Defendant and in favor of Plaintiff because her failure to produce all of the documents requested was substantially justified and the circumstances indicate that such an award would be unjust based on the following circumstances.

First, as a procedural matter, as Defendant points out, Plaintiff's motion to compel discovery did not strictly comply with the applicable Local Bankruptcy Rule, Rule 7026-1(c)(3), which requires the moving party to file a stipulation of the parties setting forth each disputed issue with particularity and listing each party's contentions. Plaintiff made

4

Case 2:14-ap-01660-RK   Doc 62   Filed 08/04/16   Entered 08/04/16 15:02:07   Desc
Main Document    Page 5 of 6

1 no showing that she made any effort to comply with this requirement, such as her draft
2 stipulation prepared by her and served on counsel for Defendant.  While Rule 7026-
3 1(c)(3)(C) provides that the court will not consider any discovery motion without the
4 stipulation, the court went ahead with ruling on the motion to facilitate progress in this
5 litigation, but having done so, the court does not excuse Plaintiff from meeting the
6 requirement of the discovery dispute stipulation.  The lack of the written discovery dispute
7 stipulation made it more difficult for the court and Defendant to address the dispute.  The
8 court should not reward Plaintiff's lack of compliance with the Local Bankruptcy Rules by
9 imposing sanctions on the other side.
10         Furthermore, the gravamen of Plaintiff's first amended complaint is that
11 Defendant's discharge should be denied based on the making of a false oath in filing
12 Defendant's petition and bankruptcy schedules filed on July 7, 2014.  The operative
13 discovery document was Plaintiff's Revised Request for Production of Documents,
14 served on July 28, 2015.  Attachment II to Motion, ECF 46.  Many of Plaintiff's document
15 production requests were overbroad and burdensome in asking for financial records
16 beyond the date the petition was filed since she requested such records from April 1,
17 2014 to the present (i.e., the service date of July 28, 2015) when the relevant documents
18 relative to the petition would have been through the petition date of July 7, 2014.
19 Although Plaintiff contends that Defendant failed to respond to 23 of 25 categories of
20 documents requested by her, the court determines that in 9 categories of the 23
21 unproduced documents, no such documents existed, that in 1 category, all documents
22 have been produced, that in 2 categories, no further response was otherwise needed,
23 that in 1 category, the request sought irrelevant matter, that in 4 categories, Defendant
24 had partially produced documents and would supplement her production, and that in 3
25 other categories, Defendant agreed to retrieve documents not in her possession, but
26 available to her online by third parties, such as her student loan lender, car lender and
27 insurance agent.  Thus, Plaintiff's contention that Defendant failed to respond to 23 of 25
28

1 categories of documents requested by her was somewhat of an overstatement.  If
2 Plaintiff complied with the requirement of the written stipulation of the parties, it appears
3 to the court that the issues raised by the discovery dispute would have been more
4 accurately identified and narrowed, if not, resolved, which would have saved time and
5 effort of the parties and the court, but since Plaintiff failed to prepare the stipulation, this
6 could not have happened.  Finally, Plaintiff submitted no evidence of the reasonableness
7 of the claimed attorneys' fees incurred by her, that is, billing statements from the attorney
8 showing the nature of the work performed and the time needed for such work and the
9 applicable billing rates.   Based on these circumstances, the court determines that
10 Defendant's failure to respond completely to Plaintiff's revised requests for production of
11 documents was substantially justified and that other circumstances indicate that an award
12 of sanctions here to Plaintiff would be unjust.

Plaintiff's request for sanctions against Defendant is denied.

**IT IS SO ORDERED.**

###

Date: August 4, 2016

_____
Robert Kwan
United States Bankruptcy Judge