

**FILED & ENTERED**

**JUL 06 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:14-bk-22962- RK |
| ANGEL R. ROBINSON-MALDONADO, | Chapter 7 |
| Debtor. | Adv. No. 2:14-ap-01660-RK |
| JOSEPHINE JEANE S. ROBINSON, | **MEMORANDUM DECISION AFTER TRIAL ON PLAINTIFF'S CLAIMS FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)** |
| Plaintiff, | |
| vs. | |
| ANGEL R. ROBINSON-MALDONADO, | |
| Defendant. | |

  The above-captioned adversary proceeding came on for trial before the undersigned United States Bankruptcy Judge on January 19, 2017 on the amended complaint of Plaintiff Josephine Jeane S. Robinson ("Plaintiff") asserting claims for denial of discharge of Defendant Angel R. Robinson-Maldonado ("Defendant"), Debtor, pursuant to 11 U.S.C. § 727(a)(4). At trial, Andrew E. Smyth, of the Law Offices of SW Smyth LLP, appeared for Plaintiff, and Robert E. Brode, Attorney at Law, appeared on behalf of Defendant.

After trial, on February 2, 2017, Plaintiff lodged her proposed findings of fact and conclusions of law, Electronic Case Filing Number ("ECF") 77, and filed a supplemental trial brief, ECF 76.  On February 15, 2017, Defendant lodged her proposed findings of fact and conclusions of law through her counsel of record.  ECF 78.  On February 17, 2017, the court took the matter under submission.

Having considered the witness testimony at trial, Plaintiff's exhibits received at trial, and the oral and written arguments of the parties, the court hereby makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.

## BACKGROUND

On July 7, 2014, Defendant commenced the underlying bankruptcy case by filing her voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. Petition, Main Bankruptcy Case ECF 1, Plaintiff's Trial Exhibit 23.  Defendant filed her bankruptcy petition as a self-represented litigant with the assistance of a non-attorney bankruptcy petition preparer, Afaf Sheikh, of the business called "We the People."  *Id.* at 3.

On October 16, 2014, Plaintiff commenced this adversary proceeding by filing her adversary complaint entitled "Challenge Dischargeability of Certain Debts", alleging that Defendant made false statements on her bankruptcy petition and schedules in reporting her income and expenses and made misrepresentations to her about loans made by Plaintiff to Defendant.  ECF 1.  On October 30, 2014, Defendant filed a response to the complaint, essentially denying the material allegations of the complaint. ECF 4.  Plaintiff and Defendant are sisters-in-law as Plaintiff is married to Defendant's brother.  *Id.* at 4; Plaintiff's Trial Testimony, *Audio Recording of Trial* at 10:57-10:58 a.m.

On October 27, 2015, Plaintiff filed a Motion to amend complaint with the proposed amended complaint attached.  *Notice of Motion: Motion to Amend Complaint; Declaration of Plaintiff Josephine Jeane S Robinson (Proposed Amended Complaint Attached)*, ECF

2

25, filed on October 27, 2015. On December 1, 2015, the court filed and entered its memorandum decision and order on this motion, which granted this motion in part and denied it in part, allowing Plaintiff to amend the complaint to assert claims to deny Defendant's discharge under 11 U.S.C. § 727(a)(4) on grounds that Defendant knowingly and fraudulently made false oaths in connection with her bankruptcy case and a claim for relief pursuant to 11 U.S.C. § 523(a)(2)(A) on grounds that Defendant made a representation to her regarding a credit account co-signed for her by Plaintiff to buy laptop computers from Best Buy, but denied the motion to add claims under 11 U.S.C. § 523(a)(2)(A) for three new transactions. *Memorandum Decision and Order Granting in Part and Denying in Part Plaintiff's Motion to Amended Complaint,* ECF 31.

On July 1, 2016, Defendant filed a motion for summary judgment with an amended notice of motion filed on July 7, 2016. *Defendant's Notice and Motion for Summary Judgment,* ECF 51, and *Amended [Notice of] Motion for Summary Judgment,* ECF 53. On October 7, 2016, the court filed and entered its order granting in part and denying in part Defendant's summary judgment motion. *Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment*, ECF 73, filed and entered on October 7, 2016. The court granted Defendant's motion for summary judgment as to Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) on grounds that Plaintiff failed to submit evidence sufficient for the court to find in her favor on such claims, but denied Defendant's motion as to Plaintiff's claims under 11 U.S.C. § 727(a)(4) on grounds that there were genuine issues of material fact to be determined at trial. *Id.* The court set a one-day trial on January 19, 2017 on Plaintiff's remaining claims under 11 U.S.C. § 727(a)(4). *Id.*

On January 19, 2017, the court conducted a one-day trial in this matter, heard testimony from Plaintiff and Defendant and received Plaintiff's trial exhibits on condition that Plaintiff's data compilations would be considered only as demonstrative evidence or argument rather than substantive evidence. *Audio Recording of Trial* at 11:28-11:29 a.m. Defendant did not offer any exhibits at trial.

3

Plaintiff in her amended complaint, the operative complaint in this matter, alleges that Defendant made false oaths by failing to list all sources of income, bank accounts, creditors, amounts owed to her, and that Defendant overstated expenses in her original bankruptcy petition and schedules, and specifically, Schedule J-*Your Expenses*, in violation of 11 U.S.C. § 727(a)(4). *Amended Complaint,* Adversary Proceeding ECF 25 at 6. As discussed herein, the court determines that Plaintiff has not met her burden of proving her claims under 11 U.S.C. § 727(a)(4) by a preponderance of the evidence that Defendant knowingly and fraudulently made a false oath in or in connection with this bankruptcy case.

## ANALYSIS

11 U.S.C. § 727(a)(4) provides that the court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account." To prevail on an 11 U.S.C. § 727(a)(4) claim, Plaintiff has the burden to prove, by a preponderance of the evidence, that "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010), *citing and quoting*, *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005). "The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations." *Id.* at 1196-1197, *citing and quoting, Fogal Legware of Switzerland, Inc. v. Wills (In re Wills),* 243 B.R. 58, 63 (9th Cir. BAP 1999).

"A fact is material 'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" *In re Retz,* 606 F.3d at 1197, *citing and quoting, Khalil v. Developers Surety & Indemnity Co. (In re Khalil),* 379 B.R. 163, 173 (9th Cir. BAP 2007), *aff'd,* 578 F.3d 1167, 1168 (9th Cir. 2009). This statement in *Retz* does not precisely fit the situation here because in this case, Plaintiff is alleging that Defendant has

failed to list all sources of income in her bankruptcy petition and schedules and overstated her expenses on Schedule J: Your Expenses. *Notice of Motion: Motion to Amend Complaint; Declaration of Plaintiff Josephine Jeane S Robinson (Proposed Amended Complaint Attached)*, ECF 25 at 7 (Amended Complaint at 2, ¶¶ 4 and 5). Misstatements of income and expenses on a bankruptcy debtor's bankruptcy petition and schedules would be material because they would affect the determination of whether the debtor had sufficient income to make payments under a plan under Chapter 11 or 13 of the Bankruptcy Code, 11 U.S.C. *See* 1 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 5:801, 5:811 and 5:812 at 5(I)-149 -5(I)-150 (2016). Defendant's amended Schedule I:Your Income and amended Schedule J:Your Expenses show a net negative monthly net income (income minus expenses) of -$2,336.04. Main Bankruptcy Case ECF 25 and ECF 26. Plaintiff contends in her proposed findings of fact and conclusions of law that due to Defendant's understatement of income and overstatement of expenses on her amended Schedules I and J that her monthly net income should be adjusted $2,800 upwards, resulting in a positive monthly net income of $463.96, which could be used to fund a Chapter 11 or 13 plan to pay debts owed to creditors like her. *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 2-3.

With regard to establishing that a debtor acted "knowingly," "[a] debtor 'acts knowingly if he or she acts deliberately and consciously.'" *In re Retz,* 606 F.3d at 1197, *citing and quoting inter alia, In re Khalil,* 379 B.R. at 173. Lastly, "to demonstrate fraudulent intent, [the objecting party bears] the burden of showing that: (1) [the debtor] made the representations; (2) . . . at the time he knew they were false; (3) . . . he made them with the intention and purpose of deceiving the creditors." *Id.* at 1198-1199, *citing and quoting inter alia, In re Khalil,* 379 B.R. at 173.

On July 1, 2014, Defendant filed her original Chapter 7 petition and bankruptcy schedules. At trial, Defendant testified that she relied on an independent paralegal in

5

preparing her bankruptcy petition and bankruptcy schedules. *Audio Recording of Trial* at 11:31 a.m. On September 19, 2014, the Chapter 7 Trustee conducted Defendant's meeting of creditors' pursuant to 11 U.S.C. § 341(a). *See* docket entry for Continued Meeting of Creditors on September 19, 2014, Main Bankruptcy Case ECF 13, dated August 27, 2014. Defendant further testified that although she filled out her bankruptcy schedules truthfully and to the best of her ability, the Chapter 7 Trustee advised Defendant at the meeting of creditors that she should hire an attorney to help her file more accurate amended schedules. Defendant's Trial Testimony, *Audio Recording of Trial* at 11:32-11:33 a.m. Defendant testified that she has four academic degrees (bachelor's degrees in legal studies, criminal justice and psychology and a master's degree in organizational leadership from Brandman University), but none of these would make her qualified to fill out bankruptcy schedules. *Id.* at 11:47-11:48 a.m. The court finds this testimony to be credible. On October 31, 2014, Defendant filed her amended bankruptcy schedules relying on the assistance of legal counsel. *Amended Statement of Related Cases*; *Amended Summary of Schedules*; *Amended Schedules B-J*, Main Bankruptcy Case ECF 18-26; *Amended Statement of Financial Affairs*, Main Bankruptcy Case ECF 27. That Defendant promptly hired an attorney and filed amended and corrected bankruptcy schedules shortly following the Chapter 7 Trustee's advice, that is, within 45 days, indicates her good faith in making accurate disclosures on her bankruptcy schedules.

**A. Understated Income**

Plaintiff contends that Defendant made a false oath on her original Schedule I:Your Income because the amount of $6,307.05 listed as Defendant's gross monthly wages, salary and commissions as of the petition was understated. *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, *citing, Plaintiff's Exhibit 2, Defendant's Paystub, issued May 9, 2014 (for monthly period ending April 30, 2014); Petition, Schedule I: Your Income,* at 31, Plaintiff's Trial Exhibit 23.

Plaintiff contends that Defendant's gross monthly wages, salary and commissions were $7,223.08 and that this item was understated by $916.03.  *Id.*

Defendant's paystub for April 2014 showed that she had gross pay of $7,001.00. *Plaintiff's Exhibit 2, Defendant's Paystub, issued May 9, 2014 (for monthly period ending April 30, 2014).*  As previously noted, Defendant prepared her bankruptcy petition and original bankruptcy schedules on her own only with the assistance of a paralegal, and not with the assistance of an attorney, and she was advised by the Chapter 7 Trustee at the meeting of creditors that she needed to find an attorney and file amended and corrected schedules, which she did promptly, that is, within 45 days of the meeting of creditors. On her amended Schedule I, Main Bankruptcy Case ECF 25, Defendant stated that her monthly gross wages, salary and commissions were $7,001.00, which is the same amount listed on her paystub for April 2014, which is Plaintiff's Trial Exhibit 2.

Based on Defendant's bank account records for April – June 2014, Plaintiff's Exhibits 3-5, Defendant's average gross wages, salary and commissions from her job as an administrative assistant at Santa Clarita Community College was $6,206.55, which includes Defendant's cash out of vacation time in May 2014 of $2,093.00.  *Citibank Account Statements*, Plaintiff's Trial Exhibits 3-5.  This amount was actually only $100.51 less than the $6,307.05 that she listed as her monthly gross wages, salary and commissions on her original Schedule I:Your Income.  Debtor's amended Schedule I: Your Income listed that her gross income was $7,001. *Amended Schedule I: Your Income*, Bankruptcy Case 14-22962, Main Bankruptcy Case ECF 25, filed and entered on October 31, 2014.

Plaintiff also testified that her wages were being garnished at the time that she filed her bankruptcy petition, which could explain some of the alleged discrepancies between the stated income and the income shown on her paystubs.  Defendant's Trial Testimony, *Audio Recording of Trial* at 10:15-10:17 a.m.; 11:38 a.m. and 11:49-11:50 a.m.

7

The court finds that Defendant's testimony was credible in explaining her good faith efforts to complete her bankruptcy schedules and that this apparent $100.51 differential may be explained by the prepetition wage garnishments and is not material as discussed herein. Thus, the court further finds that Plaintiff did not meet her burden to prove by a preponderance of the evidence that Defendant willfully and fraudulently made a false oath by understating her income on her bankruptcy schedules.

### B. Sources of Income

Plaintiff contends in her trial brief that Defendant failed to list all sources of income in her original Chapter 7 bankruptcy petition and schedules. *See Plaintiff's Trial Brief,* ECF 76, filed on January 21, 2017, at 4. The court notes that Plaintiff did not attempt to file her trial brief until attempting to manually file and serve it at trial on January 21, 2017, which is not timely under Local Bankruptcy Rule 9013-2, which requires that trial briefs be filed and served not less than 7 days before trial. *Audio Recording of Trial* at 11:51 a.m.

Plaintiff's trial brief was not actually filed until January 21, 2017, which was two days after trial, and served by mail on the date of trial, January 19, 2017. *Plaintiff's Trial Brief,* ECF 76, filed on January 21, 2017. Moreover, this argument in Plaintiff's trial brief was not asserted in Plaintiff's proposed findings of fact and conclusions of law. *See Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017. This argument should not be considered because it was asserted in a late trial brief and it was abandoned, not being asserted in Plaintiff's proposed findings of fact and conclusions of law.

Assuming that the argument was not late or abandoned, the court addresses the argument. In support of this argument, Plaintiff offered copies of Defendant's bank account statements from the periods of April 9 - May 8, 2014, May 9 - June 8, 2014 and June 9 - July 8, 2014. *Citibank Account Statements*, Plaintiff's Trial Exhibits 3-5. Defendant's direct deposits of her pay from her employer for this time period shown on these bank statements that during each month, Defendant was receiving one paycheck in

the amount of $2,969.36 and another in the amount of $2,539.52. *Id.* Plaintiff argues that Defendant made a false oath by failing to disclose her income on her schedules because on May 1, 2014, there was a bank teller deposit in the amount of $2,093.00, which was in addition to her regular biweekly direct deposit paycheck from the community college where she works as an administrative assistant, *Citibank Account Statement*, *Plaintiff's Trial Exhibit* 3 at 3. Plaintiff further argues that Defendant's June-July 2014 bank statement listing bank teller deposits of $2,969.35 and $2,539.52 (the same amounts as her regular direct deposit amount from her employer), rather than direct deposits from her employer, also show that Defendant made a false oath about her income by allegedly failing to report an alternate source of income on her income schedule.

In response, Defendant testified at trial that the May 6, 2014 bank teller deposit of $2,093 was from a paper check issued by her employer in this instance for her unused vacation time under her employer's policy to allow employees to cash out unused vacation time through issuance of a paper check, and she specifically recalled this particular deposit because she used this money to pay her attorneys' fees in connection with her bankruptcy case. Defendant's Trial Testimony, *Audio Recording of Trial* at 10:05-10:06 a.m. According to Defendant, nonrecurring salary payments from her employer like this one were made using paper checks rather than direct deposit like the rest of her salary payments. *Id.*

The court finds Defendant's explanation of this item to be credible and that it does not show she failed to disclose an alternate form of income, and that her Schedule I: Your Income accurately reflected her current monthly income as of the date of the filing of the bankruptcy petition on July 7, 2014.

Defendant in her trial testimony explained why her deposits in the June - July 2014 bank statements were not made by direct deposit. Defendant's Trial Testimony, *Audio Recording of Trial* at 10:15-10:16 a.m. and 11:49-11:50 a.m. She testified that because

her salary was being garnished by a hard money lender at the time, her employer's policy was to write the employees a paper check that needed to be manually deposited rather than making the direct deposit as usual. *Id.* This testimony explains why her direct deposits from her employer did not appear on her June-July 2014 bank statement. Since the amounts of the manual deposits were the same as her prior previous direct deposits of her salary by her employer, the court finds Defendant's testimony that these payments were her regular salary payments paid by manual check rather than from an alternate and undisclosed source of income to be credible and sufficient to show that there was no false oath regarding her salary payments.

Based on the foregoing, the court determines that Plaintiff has not met her burden to prove by a preponderance of the evidence that Defendant willfully and fraudulently made a false oath regarding a material fact in connection with these bank teller deposits because the Defendant offered plausible and reasonable explanations for the alleged alternate sources of income and the miscalculations were inadvertent and immaterial.

### C. Student Loan Expenses

Plaintiff contends that Defendant made a false oath by listing $1,500.00 in student expenses for her sons on her original Schedule J, *Plaintiff's Trial Exhibit 23, Schedule J-Your Expenses,* at 34, and only after this was shown to be incorrect did she amend Schedule J-Your Expenses to include only $1,094.00 in student loan expenses for herself. *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 2. Defendant's original Schedule J:Your Expenses stated the amount of $1,500.00 for Item 19, "Other payments you make to support others who do not live with you", which stated a specific caption: "COLLEGE FOR BOYS AND COLLEGE BOOKS AND TUITION, SCHOOL LOANS". *Petition, Schedule J: Your Expenses,* at 34, Plaintiff's Trial Exhibit 23. Defendant's amended Schedule J stated the amount of $500.00 for Item 19, "Other payments you make to support others who do not

live with you", which stated an amended specific caption: "Support for sons" and stated the amount of $1,094.00 for Item 21, "Other," with the specific caption: "Student Loans".

Defendant testified at trial that she included her student loan expenses in the amount of the other expenses for the support of her sons on her original Schedule J and that her amended Schedule J simply removed the educational expenses paid for her sons. Defendant's Trial Testimony, *Audio Recording of Trial* at 10:33-10:34 a.m.

Plaintiff further argues that Defendant's student loan payments inflated her expenses, but that she has not actually made these payments. Plaintiff testified that as a co-signer on one of the five student loans taken out by the Defendant, she had access to the online portal to view account balances on the student loan. Plaintiff's Trial Testimony, *Audio Recording of Trial* at 10:51-10:53 a.m. and 11:14-11:15 a.m. Plaintiff testified that the online account statements indicated that no payments had been made. *Id.*

In response to Plaintiff's testimony, Defendant testified that she had entered into an agreement with a third party company to consolidate her student loans, that under this agreement, the lender told Defendant that the payments she was making would not appear on her online statement until she had finished making the postconsolidation payments and that she has been paying her student loan debts. Defendant's Trial Testimony, *Audio Recording of Trial* at 9:48-9:49 a.m., 9:51-9:54 a.m., 10:07-10:11 a.m. and 11:41-11:43 a.m. The court must acknowledge that the questioning of Defendant by counsel and her answers were not completely clear or precise, but the gist of her testimony is that she was and has been making her student loan payments. *Id.* The court finds that Defendant's testimony explaining why her student loan payments were not reflected online and that she has been making payments to be credible. Defendant testified that she had accumulated a student loan debt of $100,000, which she is obligated to pay, and this fact supports her testimony that she intended to work out her student loan debt with her student loan lenders through loan consolidation and partial deferment payments and had intended to make the student loan payments as refected on

her amended Schedule J. *Id.* This unrebutted testimony of Defendant indicates to the court that Plaintiff has not met her burden of showing by a preponderance of the evidence that Defendant willfully and fraudulently made a false oath in relation to her student loan payments.

### D. Miscellaneous Expenses

Plaintiff contends that Defendant made a false oath on her original bankruptcy petition and schedules by overstating her expenses for utility payments based on Plaintiff's personal experience of paying less for utilities. Plaintiff testified at trial that she is a homeowner herself and she personally pays less for her family's utilities. Plaintiff's Trial Testimony, *Audio Recording of Trial* at 11:16-11:19 a.m. The court determines that Plaintiff's lay opinion based on personal experience as a utility customer is neither competent nor credible evidence to show that Defendant overstated her utilities expenses on her amended Schedule J under Federal Rule of Evidence 701 as she has no specialized knowledge in this area and she has a bias as the adverse party.

Plaintiff argues that Defendant made a false oath in overstating her utilities expenses on Defendant's amended Schedule J in that Defendant's utility expenses per month prior to the filing of the bankruptcy case averaged $509.94 per month, which was $95.06 less per month than the $605.00 stated on Defendant's amended Schedule J. *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 2, *citing,* Plaintiff's Trial Exhibits 2, 3, 4, 5, 8 and 9. This calculation of Defendant's utilities expenses includes expenses from July – August 2014, which are post-petition and thus should not have been included in the average monthly payments. Therefore, when the average of Defendant's utility expenses for May – July 2014 is recalculated using the numbers provided by Plaintiff in Plaintiff's Trial Exhibit 10, the average for these three months comes out to $553.98, or only $51.02 less than the amount Defendant listed in her amended Schedule J: Your Expenses. The court notes that this number is simply an average of the utilities expenses for the three month period

at issue before the court.  As utilities expenses vary month to month, Defendant spent $512.98 and $535.30 ($92.02 and $69.70 less than the $605.00 estimate) for the first two months, April 9 through May 8, 2014 and May 9 through June 8, 2014, but then actually spent $613.80 ($8.68 more than the estimate) in the third month, June 9 through July 8, 2014.  This difference between Plaintiff's calculation and the Defendant's reported utilities expenses on the amended Schedule J of roughly $50 is not material (i.e., in light of Defendant's negative net monthly income of $2,334.04, ECF 26 at 2), and arguably, the July 2014 figure of $613.80 is very close to the mark, that is, the amount of $605.00 estimated for utility expenses on her amended Schedule J as to her utility expense as of the petition date of July 7, 2014, and therefore, the court finds that Plaintiff has not met her burden of proving by a preponderance of the evidence that the Defendant willfully and fraudulently made a false oath regarding her current utility expenses on her amended Schedule J: Your Expenses.

      Plaintiff argues that Defendant made a false oath in overstating her transportation expenses on Defendant's amended Schedule J: Your Expenses in that Defendant's transportation expenses per month prior to the filing of the bankruptcy case averaged $302.09 per month, which was $297.91 less per month than the $600.00 stated on Defendant's amended Schedule J.  *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 2-3, *citing, Plaintiff's Trial Exhibits 2, 3, 4, 5 and 16.*  In response, Defendant argues that Plaintiff's claim of overstated transportation expenses is a "speculative argument" based on only "a few exhibits."  *Defendant's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 15, 2017, at 3.  It appears to the court that Plaintiff did not put Defendant on notice that Plaintiff was challenging the claimed transportation expenses since these expenses were not specifically raised in Plaintiff's pretrial pleadings, including her complaint, amended complaint and opposition to Defendant's summary judgment motion. ECF 1, 25 and 63.  Moreover, at trial, Plaintiff did not question Defendant at all

13

about her transportation expenses at trial, and the only evidence Plaintiff presented pertaining to this issue were the Defendant's bank statements, Plaintiff's Trial Exhibits 3-5, and since Plaintiff did not confront Defendant with the issue by questioning her at trial or putting her on notice pretrial in order for her to meaningfully respond, the court hesitates to give weight to Plaintiff's analysis.  Defendant could have explained, for example, that some of these expenses were paid in cash, and not through disbursements from the bank account, or that Plaintiff failed to point out expenses paid through the bank account as transportation expenses.  In any event, the allegedly discrepancy of $300 for transportation expenses is not material in light of Defendant's negative net monthly income of $2,300 since Defendant's budget is way "underwater" (i.e., negative), indicating the lack of income to pay creditors through a Chapter 11 or 13 payment plan. The court finds that Plaintiff has not met her burden of proving by a preponderance of the evidence that Defendant willfully and fraudulently made a false oath regarding her claimed transportation expenses.

In her proposed findings of fact and conclusions of law, Plaintiff conceded that the $815.00 per month for Child Care and Education stated by Defendant on her amended Schedule J were legitimate expenses incurred by the Defendant for tutoring services for her daughters, but Plaintiff argues that the $500 in expenses claimed for her two sons, who are her adult children, were "unnecessary and unreasonable". *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 3. Whether the expenses were "unnecessary" or "unreasonable" is not at issue in the case as the standard under 11 U.S.C. 727(a)(4) is whether Defendant made a false oath in relation to a material fact.  Plaintiff claims that a false oath was made because the expenses claimed were "unnecessary", but this is not a ground to deny a discharge based on a false oath under 11 U.S.C. § 727(a)(4) since Defendant made the disclosure in her bankruptcy schedules which the parties in interest could review and analyze.

14

Similarly, Plaintiff contends that Defendant made a false oath regarding her medical expenses by including Botox and other cosmetic fillers because such expenses were not necessary living expenses. *Audio Recording of Trial* at 10:56 a.m.  Whether an expense listed on the bankruptcy petition and schedules is necessary or not does not go to the issue of whether or not a false oath was made due to the lack of disclosure, which is not the case here.

Plaintiff alleges that Defendant made false oaths on her bankruptcy schedules by understating her gross salary income by $916.03 per month, overstating her utility expenses by $95.06 per month, overstating her transportation expenses by $297.91 per month, overstating approximately $1,000 in student loan expenses, and overstating miscellaneous expenses of $500.00 in unreasonable expenses for her adult children. *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 2-3.  In sum, Plaintiff alleges that Defendant due to her false oaths as to these items concealed additional income totaling $2,809 per month.  *Id.*

As discussed above, the court finds that Defendant's gross salary income may have been understated by approximately $100 on her original bankruptcy schedules, but it appears that Defendant then overstated her income on her amended Schedule I:Your Income, using the figure of $7,101, since her monthly direct deposit salary payment amounts were lower.  Thus, the court finds that Plaintiff's allegation that Defendant understated her gross salary income by $916.03 is not supported by the record.  As to Defendant's utilities, as discussed above, it appears that Defendant's estimate of $605.00 was accurately stated as Plaintiff's computation for the month ending July 8, 2017, the date after the petition date, was $613.80, an understatement of expenses, but using a three-month average of the three months before the petition date, then the amount of the overstatement was only $50, which is not material.  As to Plaintiff's allegations regarding Defendant's transportation expenses, the court disregards these allegations that Plaintiff did not make a sufficient showing at trial that Defendant overstated these expenses as

there was no notice to Defendant in Plaintiff's papers that these expenses were being challenged and that no testimony was elicited on the issue.

The court discounts Plaintiff's allegations that Defendant falsely claimed her student loan payments as expenses as the court finds Defendant's testimony that she made arrangements to pay the loans offline and was making payments to be credible. Finally, the court also found that whether the Defendant's expenses disclosed in her schedules were reasonable does not meet the applicable standard to revoke Defendant's discharge under 11 U.S.C. § 727(a)(4).

Therefore, at most, the court found that Plaintiff has shown an income understatement by Defendant on the amended Schedule J:Your Expenses of about $50 in utility expenses and $300 for transportation expenses, and these amounts added together, $350, are not material in relation to Defendant's negative monthly net income of -$2,336.04 since making adjustments for these items leaves Defendant with still a negative net monthly income of about -$2,000.00, indicating no ability to repay creditors through a Chapter 11 or 13 payment plan. *Amended Schedule J: Your Expenses*, ECF 26, filed and entered on October 31, 2014 at 2, Plaintiff's Trial Exhibit 8.

Plaintiff also argues that Defendant made false oaths "in order to appear to be eligible for a Chapter 7 discharge when in fact she had adequate income to pay her debts and would have 'failed the means test' had she provided accurate information." *Plaintiff's (Proposed) Findings of Fact and Conclusions of Law,* ECF 77, lodged on February 2, 2017, at 3. This argument is unsubstantiated, and the court rejects it because Plaintiff offered no evidence or analysis showing how Defendant "would have failed the means test" to make her eligible for a Chapter 7 bankruptcy discharge. *See* 11 U.S.C. § 707(b)(2)(A)(i). Plaintiff did not offer into evidence any recalculation of Defendant's "means test" on her Form B22A, the official means test calculation form based on Plaintiff's adjustments. Plaintiff's case focused on Defendant's income and expense schedules, Schedules I and J, and cannot be properly construed to assert a

challenge to Defendant's means test calculation which was not offered into evidence, nor discussed at trial. *See Plaintiff's Trial Exhibits 1-23.* Plaintiff only offered into evidence a one-page except from Defendant's Form B22A means test form relating to Defendant's monthly gross wages, salary, tips, bonuses, overtime, commissions from Santa Clarita Community College, which in no way can constitute a challenge to Defendant's means test calculation. *See Plaintiff's Trial Exhibit 1.*

## **CONCLUSION**

For the foregoing reasons, the court determines that Plaintiff has not shown by a preponderance of the evidence that Defendant knowingly and fraudulently, in or in connection with her Chapter 7 bankruptcy case, made one or more false oaths for purposes of 11 U.S.C. § 727(a)(4) and that Plaintiff's claims under 11 U.S.C. § 727(a)(4) should be denied.

This memorandum decision constitutes the court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure. A separate judgment is being entered concurrently.

IT IS SO ORDERED.

###

Date: July 6, 2017

_____
Robert Kwan
United States Bankruptcy Judge

17